1

2

3

4

5

6

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

7

8

Incito Schools, an Arizona corporation;
Amanda Jelleson, an individual; Dr.
April Black, an individual,

NO. _____

**INDEX**

9

                    Plaintiff,

10

vs.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Mark Brnovich, individually and in the
capacity as Attorney General for the
State of Arizona, and Jane Doe
Brnovich; Steve Watson, individually
and in the capacity as Maricopa County
School Superintendent, and Jane Doe
Watson, Nicole Shaker, individually and
in her official capacity on behalf of the
Office of the Attorney General for the
State of Arizona, and John Doe Shaker;
Denise Fritz, individually and in her
official capacity on behalf of the Office
of the Attorney General for the State of
Arizona, and John Doe Fritz; The State
of Arizona, a body politic; The Office of
the Attorney General for the State of
Arizona, a unit of the State of Arizona;
Maricopa County, Arizona, a body
politic; Maricopa County Education
Service Agency, a unit of Maricopa
County, Arizona; Doe Individuals and/or
Entities 1-10,

26

                    Defendants.

27

28

1

Exhibits:

(A) Civil Cover Sheet

(B) State Court Record

    Attachments:
    1. Supplemental Cover Sheet
    2. Recent State Court Docket
    3. Complaint
    4. Amended Complaint
    5. Service Documents
    6. Remainder of the State Court Record
    7. Verification of Maxine S. Mak

(C) Superior Court Notice of Removal to the Federal District Court

# EXHIBIT A

## Civil Cover Sheet

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

**Plaintiff(s):** **Incito Schools ; Amanda Jelleson ; April Black , Dr.**

**Defendant(s):** **Mark Brnovich , Attorney General; Jane Doe Brnovich ; Steve Watson , Maricopa County School Superintendent; Jane Doe Watson ; Nicole Shaker ; John Doe Shaker ; Annalisa Madsen ; John Doe Madsen ; Denise Fritz ; John Doe Fritz ; State of Arizona ; Maricopa County**

County of Residence: Maricopa

County Where Claim For Relief Arose: Maricopa

County of Residence: Maricopa

Plaintiff's Atty(s):

**Justin V. Niedzialek (** Incito Schools ; Amanda Jelleson ; April Black , Dr.**)**
**DUNN DESANTIS WALT & KENDRICK, LLP**
**4742 24th Street, Suite 300**
**Phoenix, Arizona  85016**
**(602) 842-2566**

Defendant's Atty(s):

**Maxine S. Mak (**Steve Watson , Maricopa County School Superintendent Maricopa County **)**
**Maricopa County Attorney's Office**
**225 West Madison Street**
**Phoenix, Arizona  85003**
**6025068541**

---

**REMOVAL FROM MARICOPA COUNTY, CASE #CV2022-013437**

---

<u>II. Basis of Jurisdiction</u>:            **3. Federal Question (U.S. not a party)**

<u>III. Citizenship of Principal Parties</u> **(Diversity Cases Only)**

Plaintiff:- **N/A**

Defendant:- **N/A**

<u>IV. Origin</u> :            **2. Removed From State Court**

<u>V. Nature of Suit</u>:            **440 Other Civil Rights**

<u>VI.Cause of Action</u>:            **42 U.S.C. 1983 (Counts Five - Seven)**

VII. Requested in Complaint

          Class Action:**No**

        Dollar Demand:

         Jury Demand:**No**

VIII. This case **is not related** to another case.

---

**Signature:** **Maxine S. Mak**

   **Date:** **March 10, 2023**

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the _Back_ button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014

# EXHIBIT B

# Attachment 1

**Supplemental Civil Cover Sheet**

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

1.    **Style of the Case:**
      Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
      Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the
      attorney(s) of record for each party named and include their bar number, firm name, correct mailing
      address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

2.    **Jury Demand:**
      Was a Jury Demand made in another jurisdiction?     Yes                No
      If "Yes," by which party and on what date?

      _____            _____

3.    **Answer:**
      Was an Answer made in another jurisdiction?     Yes                No
      If "Yes," by which party and on what date?

      _____            _____

**4.**    **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5.**    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
|  |  |
|  |  |
|  |  |

**6.**    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
|  |  |
|  |  |
|  |  |

**7.**    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
|  |  |
|  |  |
|  |  |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

# Attachment 2

**Recent State Court Docket**

Civil Court Case Information - Case History


Select Language
Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2022-013437 | Judge: | Sinclair, Joan |
| File Date: | 10/7/2022 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Incito Schools | Plaintiff | | Justin Niedzialek |
| Amanda Jelleson | Plaintiff | Female | Justin Niedzialek |
| April Black | Plaintiff | Female | Justin Niedzialek |
| Mark Brnovich | Defendant | Male | Pro Per |
| Steve Watson | Defendant | Male | Pro Per |
| Nicole Shaker | Defendant | Female | Pro Per |
| Denise Fritz | Defendant | Female | Pro Per |
| State Of Arizona, The | Defendant | | Pro Per |
| Office Of The Attorney General For The State Of Arizona, The | Defendant | | Pro Per |
| Maricopa County Arizona | Defendant | | Pro Per |
| Maricopa County Education Service Agency | Defendant | | Pro Per |
| Annalisa Madsen | Defendant | Female | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 2/9/2023 | AMC - Amended Complaint | 2/13/2023 | |
| **NOTE:** Amended Complaint | | | |
| 10/21/2022 | AFS - Affidavit Of Service | 10/26/2022 | |
| **NOTE:** STEVE WATSON | | | |
| 10/21/2022 | AFS - Affidavit Of Service | 10/27/2022 | |
| **NOTE:** MARICOPA COUNTY EDUCATION SERVICE AGENCY | | | |
| 10/19/2022 | AFS - Affidavit Of Service | 10/25/2022 | |
| **NOTE:** OFFICE OF THE ATTORNEY GENERAL | | | |
| 10/19/2022 | AFS - Affidavit Of Service | 10/26/2022 | |
| **NOTE:** DENISE FRITZ | | | |
| 10/19/2022 | AFS - Affidavit Of Service | 10/26/2022 | |
| **NOTE:** STATE OF ARIZONA | | | |
| 10/19/2022 | AFS - Affidavit Of Service | 10/26/2022 | |
| **NOTE:** MARK BRNOVICH | | | |
| 10/19/2022 | AFS - Affidavit Of Service | 10/26/2022 | |
| **NOTE:** NICOLE SHAKER | | | |
| 10/19/2022 | AFS - Affidavit Of Service | 10/26/2022 | |
| **NOTE:** MARICOPA COUNTY ARIZONA | | | |
| 10/7/2022 | COM - Complaint | 10/10/2022 | |
| **NOTE:** Complaint | | | |
| 10/7/2022 | CSH - Coversheet | 10/10/2022 | |
| **NOTE:** Civil Cover Sheet | | | |
| 10/7/2022 | CCN - Cert Arbitration - Not Subject | 10/10/2022 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 10/7/2022 | SUM - Summons | 10/10/2022 | |
| **NOTE:** Summons | | | |
| 10/7/2022 | SUM - Summons | 10/10/2022 | |
| **NOTE:** Summons | | | |

| | | |
|---|---|---|
| 10/7/2022 | SUM - Summons | 10/10/2022 |
| **NOTE:** Summons | | |
| 10/7/2022 | SUM - Summons | 10/10/2022 |
| **NOTE:** Summons | | |
| 10/7/2022 | SUM - Summons | 10/10/2022 |
| **NOTE:** Summons | | |
| 10/7/2022 | SUM - Summons | 10/10/2022 |
| **NOTE:** Summons | | |
| 10/7/2022 | SUM - Summons | 10/10/2022 |
| **NOTE:** Summons | | |
| 10/7/2022 | SUM - Summons | 10/10/2022 |
| **NOTE:** Summons | | |

## Case Calendar
**There are no calendar events on file**

## Judgments
**There are no judgments on file**

# Attachment 3

**Complaint**

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961527

1    Justin V. Niedzialek (025654)
    DUNN DESANTIS WALT & KENDRICK, LLP
2    4742 N. 24th Street, Suite 300
    Phoenix, Arizona 85016
3    Telephone:  (602) 842-2566
    Facsimile:  (619) 255-4868
4    Email:  jniedzialek@ddwklaw.com
    Attorneys for Plaintiffs

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| INCITO SCHOOLS, an Arizona corporation; AMANDA JELLESON, an individual; DR. APRIL BLACK, an individual, | Case No. **CV2022-013437** |
| | **COMPLAINT** |
|                     Plaintiffs, | |
| v. | |
| MARK BRNOVICH, individually and in the capacity as Attorney General for the State of Arizona, and JANE DOE BRNOVICH; STEVE WATSON, individually and in the capacity as Maricopa County School Superintendent, and JANE DOE WATSON; NICOLE SHAKER, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona, and JOHN DOE SHAKER; DENISE FRITZ, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona, and JOHN DOE FRITZ; THE STATE OF ARIZONA, a body politic; THE OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF ARIZONA, a unit of the State of Arizona; MARICOPA COUNTY, ARIZONA, a body politic; MARICOPA COUNTY EDUCATION SERVICE AGENCY, a unit of Maricopa County, Arizona; DOE INDIVIDUALS AND/OR ENTITIES 1-10, | |
|                     Defendants. | |

Plaintiffs Incito Schools ("Incito"), Amanda Jelleson ("Ms. Jelleson"), and Dr. April

Black ("Dr. Black" and collectively with Incito and Ms. Jelleson referred to as "Plaintiffs"),

for their causes of action against Defendants Mark Brnovich, individually and in the capacity

as Attorney General for the State of Arizona ("Defendant Brnovich"), and Jane Doe Brnovich; Steve Watson, individually and in the capacity as Maricopa County School Superintendent ("Defendant Watson"), and Jane Doe Watson; Nicole Shaker, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona ("Defendant Shaker"), and John Doe Shaker; Denise Fritz, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona ("Defendant Fritz"), and John Doe Fritz; State of Arizona, a body politic ("Defendant State"); the Office of the Attorney General for the State of Arizona, a unit of the State of Arizona ("Defendant AG's Office"); Maricopa County, Arizona ("Defendant County"); and Maricopa County Education Service Agency, a unit of Maricopa County, Arizona ("Defendant MCESA" and collectively referred to as "Defendants"), hereby state and allege as follows:

## **PARTIES AND JURISDICTION**

1.     Incito is, and was at all times relevant hereto, a corporation duly authorized to conduct business in the State of Arizona, with its principal place of business in Maricopa County, Arizona.

2.     Ms. Jelleson is, and was at all times relevant hereto, a resident of Maricopa County, Arizona.

3.     Dr. Black is, and was at all times relevant hereto, a resident of Maricopa County, Arizona.

4.     Defendant Brnovich is the Attorney General for the State of Arizona.

5.     Defendant Brnovich is sued in both his personal and official capacities.

6.     Defendant Brnovich is the final decision maker for Defendant State with respect to prosecution of criminal matters.

7.     To the extent that Defendant Brnovich acted within the scope of his employment, Defendants AG's Office and State are liable for damages attributable to his actions.

8.     To the extent that Defendant Brnovich acted outside the scope of his official capacity, he is personally liable for the damages attributable to his actions.

9.     To the extent that Defendant Brnovich acted outside the scope of his official capacity, such actions were taken for his interest and for the benefit of his marital estate.

10.     Defendant Shaker is an Assistant Attorney General for the AG's Office.

11.     Defendant Shaker is sued in both her personal and official capacities.

12.     To the extent that Defendant Shaker acted within the scope of her employment, Defendants AG's Office and State are liable for damages attributable to her actions.

13.     To the extent that Defendant Shaker acted outside the scope of her official capacity, she is personally liable for the damages attributable to her actions.

14.     To the extent that Defendant Shaker acted outside the scope of her official capacity, such actions were taken for her interest and for the benefit of her marital estate.

15.     Upon information and belief, Defendant Fritz is employed by the State as a financial expert for the AG's Office.

16.     Defendant Fritz is sued in both her personal and official capacities.

17.     To the extent that Defendant Fritz acted within the scope of her employment, Defendants AG's Office and State are liable for damages attributable to her actions.

18.     To the extent that Defendant Fritz acted outside the scope of her official capacity, she is personally liable for the damages attributable to her actions.

19.     To the extent that Defendant Fritz acted outside the scope of her official capacity, such actions were taken for her interest and for the benefit of her marital estate.

20.     Defendant Watson is the Maricopa County School Superintendent.

21.     Defendant Watson is sued in both his personal and official capacities.

22.     Defendant Watson oversees and is responsible for the activities of Defendant MCESA.

23.     To the extent that Defendant Watson acted within the scope of his employment, Defendants MCESA and County are liable for damages attributable to his actions.

24.     To the extent that Defendant Watson acted outside the scope of his official capacity, he is personally liable for the damages attributable to his actions.

25.     To the extent that Defendant Watson acted outside the scope of his official capacity, such actions were taken for his interest and for the benefit of his marital estate.

26.     The true names and capacities of Defendants identified herein as Doe Individuals and/or Entities 1-10, whether individual, corporation, partnership, association, or otherwise, are unknown to Plaintiffs and, as such, are sued under fictitious names. Plaintiffs are informed and believe that each of the Doe Individuals and/or Entities may be liable for actions or events alleged in this lawsuit.  Their true names will be substituted when they become known through the course of discovery.

27.     Plaintiffs' claims arise out of acts and omissions committed by Defendants in Maricopa County, Arizona.

28.     This Court has jurisdiction over this action pursuant to Arizona law.

29.     Venue is proper before this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS

30.     Ms. Jelleson and Dr. Black founded Incito in 2011.

31.     Incito is a 501(c)(3) nonprofit corporation that operates two charter schools.

32.     One campus is in Goodyear, Arizona, and the other is in Phoenix, Arizona.

33.     The Goodyear campus serves students from kindergarten through eighth grade.

34.     The Phoenix campus serves students from kindergarten through fifth grade.

35.     Prior to starting Incito, Ms. Jelleson and Dr. Black were both employed by Defendant MCESA.

36.     Ms. Jelleson and Dr. Black continued to work for MCESA after staring Incito.

37.     Ms. Jelleson continued working for MCESA until 2016.

38.     Dr. Black continued working for MCESA until 2017.

**I.    Defendant MCESA Invites Incito to Participate in the REIL Program**

39.    In 2014, Defendant MCESA invited Incito to participate in the U.S. Department of Education's Rewarding Excellence in Instruction and Leadership Program (the "REIL Program").

40.    The REIL Program was "designed to improve student academic growth, achievement, and success through the development and implementation of a human capital management system that rewards high quality instruction and leadership."

41.    Incito accepted the invitation to participate in the REIL Program.

42.    On or about June 29, 2015, Incito entered into an Intergovernmental Agreement with Defendant County, through Defendant MCESA, related to its participation in the REIL Program (the "IGA").

**A.    The REIL Program's Educator Incentivization Program.**

43.    The human capital management aspect of the REIL Program included an educator evaluation system.

44.    Under the foregoing system, Defendant MCESA collected data from educator evaluations and student assessments and, using that data, generated an overall REIL score for each educator and leader.

45.    Educators and leaders who obtained a REIL score at or above a certain level would be eligible for additional compensation during the applicable school year.

46.    Under the REIL Program, the additional compensation was provided via retention stipends, base pay salary increases, and/or salary enhancement.

47.    Prior to the start of each school year, Defendant MCESA generated each individual's REIL score and determined the eligible grant amount for each teacher and/or leader.

48.    Defendant MCESA would provide that information to Incito and Incito would increase each eligible employee's biweekly pay for the upcoming school year to account for the REIL funds awarded to the employee.

49.     For each year that Incito participated in the REIL Program, Defendant MCESA was aware that it distributed awarded REIL funds by increasing each eligible employee's biweekly pay.

50.     While each employee's eligibility for grant monies under the REIL Program was determined at the start of each school year, Defendant MCESA did not distribute funds under the REIL Program until the end of the school year (and, at times, reimbursement funds were delayed until the following school year).

51.     Thus, in each year that it participated in the REIL Program, Incito advanced the monies awarded to each eligible educator and leader.

52.     Accordingly, pursuant to the IGA, at the end of each school year, Incito submitted invoices to Defendant County, through Defendant MCESA, for reimbursement of the REIL funds advanced during the preceding school year.

53.     Defendant MCESA also required documentation from Incito verifying that it increased each eligible employee's biweekly pay to account for their respective awards under the REIL Program.

54.     For the 2014-15 and 2015-16 school years, Defendant MCESA accepted payroll summaries from ADP, Incito's payroll company, as verification of the school's use of the REIL funds.

## II.     **Defendant Watson Attempts to Exclude Incito from the REIL Program.**

55.     On or about July 14, 2017, Defendant Watson, on behalf of Defendant MCESA, sent a letter to Incito stating that it would no longer be allowed to participate in the REIL Program.

56.     At the time of Defendant Watson's letter, Incito had participated in the REIL Program for three years without issue.

57.     Defendant Watson did not provide any basis for his unilateral decision to remove Incito from the REIL Program.

58.     Moreover, the IGA provided that, "[i]n the event conflict arises, the parties agree to make every effort to reconcile conflicts and make reasonable provisions to ensure neither party will suffer a consequence of conflict."

59.     Neither Defendant Watson no Defendant MCESA made any such effort before purporting to remove Incito from the REIL Program.

60.     After receiving the aforementioned letter from Defendant Watson, Plaintiffs requested a meeting to discuss his decision to remove Incito from the REIL Program.

61.     During that meeting, Plaintiffs asked Defendant Watson to provide a statement explaining Defendant MCESA's decision to remove Incito from the REIL Program.

62.     Plaintiffs requested this statement so that they could provide it to Incito's governing board, community, and staff.

63.     Defendant Watson declined to provide a statement and further failed to explain the decision to remove Incito from the REIL Program.

64.     Notwithstanding Defendant Watson's overture, in August 2017, Defendant MCESA informed Incito that it would continue to receive additional grant monies through the REIL Program.

**III.   Defendant MCESA Changes Its Reporting Requirements Under the REIL Program.**

65.     Although Defendant MCESA accepted ADP's payroll summaries to verify Incito's use of REIL funds for the 2014-15 and 2015-16 school years, in September 2017, Defendant MCESA changed its required form of documentation.

66.     In particular, Defendant MCESA requested paystubs showing the breakdown of the payment of the REIL funds, the check number, and the dates paid for each eligible employee during the 2016-2017 school year.

67.     ADP, however, did not maintain paystubs for Incito.

68.     In order to satisfy Defendant MCESA's new paystub requirement, Incito created substantiation checks in its payroll system equal to the amount of REIL funds paid to each eligible employee during the school year.

7

69.     Incito provided the payroll stubs related to the substantiation checks to Defendant MCECSA and voided the checks.

70.     Employees did not receive the substantiation checks because the checks reflected REIL funds already paid to the eligible employees that year through their increased biweekly wages.

71.     As such, ADP was not to include the amount identified on each substantiation check in the applicable employee's W-2 tax form.

72.     ADP, however, erroneously issued to each eligible employee a W-2 that treated the substantiation checks as additional income.

73.     Plaintiffs learned of ADP's payroll error in approximately April 2018 and immediately notified the affected employees.

74.     Plaintiffs further notified ADP of the error and instructed it to issue corrected W-2s.

75.     ADP acknowledged its error and issued a correct W-2 to each affected employee.

76.     Incito also offered to reimburse any expenses incurred by employees associated with preparing and filing any amended tax returns.

**IV.     Defendant Watson Uses ADP's Payroll Error to Accuse Plaintiffs of Fraud.**

77.     On or about September 19, 2018, Defendant Watson sent a letter to Defendant AG's Office in which he accused Plaintiffs of defrauding the REIL Program of $123,916.00 ("Defendant Watson's Complaint").

78.     Defendant Watson's Complaint arose out of an August 24, 2018 meeting that he had with a former Incito employee.

79.     The former Incito employee was also a personal friend of Defendant Watson.

80.     Defendant Watson's Complaint failed to disclose that the former Incito employee was also a personal friend.

8

81.     The former Incito employee was one of the employees who received an incorrect W-2 because of ADP's payroll error.

82.     According to Defendant Watson's Complaint, "[t]he teacher explained that Incito Schools provided a 2017 W-2 form that seemed inaccurate as it reported more income than the teacher remembered earning."

83.     Defendant Watson further stated that the former Incito employee informed him that Incito "looked into the matter, and then explained that ADP, their payroll provider, had mistakenly issued incorrect W-2 forms."

84.     Defendant Watson's Complaint further confirmed that "revised 2017 W-2s were then reissued to the teacher and several other staff members."

85.     Based on ADP's payroll error, Defendant Watson represented to Defendant AG's Office that "there was malfeasance with some grants that [Incito] issued."

86.     In addition, Defendant Watson's Complaint claimed that Defendant MCESA had documents evidencing the fraud he accused Plaintiffs of committing.

87.     Defendant Watson did not engage in any efforts to address his accusations with Plaintiffs before submitting his complaint to Defendant AG's Office, as required by the IGA.

**V.     The State Investigates Plaintiff's Participation in the REIL Program.**

88.     Defendant Watson's Complaint caused Defendant AG's Office to investigate Incito's participation in the REIL Program.

89.     Upon information and belief, Defendant AG's Office began investigating Plaintiffs' participation in the REIL Program in approximately November 2018.

**A.     Defendants Knew that ADP Committed a Payroll Error.**

90.     Upon learning of the investigation, Plaintiffs, through counsel, requested to meet with Defendant AG's Office and the agent it had investigating the matter.

91.     Plaintiffs requested said meeting in order to understand what Defendants were investigating and to provide exculpatory materials.

92.     Defendant AG's Office, however, denied Plaintiffs' request to meet and provide exculpatory evidence.

93.     As a result, on or about January 21, 2020, Plaintiffs, through counsel, sent a *Trebus* letter to the State, providing it with exculpatory evidence based on Plaintiffs' understanding of the investigation (the "First *Trebus* Letter").

94.      In the First *Trebus* Letter, Plaintiffs explained the payroll error made by ADP.

95.     In particular, the First *Trebus* Letter set forth the following facts regarding Incito's participation in the REIL Program and ADP's payroll error:

   a. In 2017, Defendant MCESA requested additional documentation in the form of pay stubs to substantiate the REIL grant payments to employees.

   b. Defendant MCESA asked for the total grant amount paid to each employee to be issued on one check.

   c. Defendant MCESA knew, understood, and supported Incito's previous inclusion of grant monies as "base pay," which was paid out biweekly.

   d. Incito created substantiation checks in its payroll system that equaled the amount of REIL funds paid to eligible employees.

   e. Incito immediately voided the substantiation checks, did not pay the checks to the employees, and continued to make the grant payments through normal biweekly payroll checks, as previously established.

   f. Even though the substantiation checks were voided and not cashed, ADP issued W-2s with the amounts incorrectly included as wages.

   g. Incito directed ADP to re-issue the W-2s with the correct pay amount for 2017.

   h. Employees were notified of the error and Incito offered to pay any expenses associated with revising and/or refiling the employee's taxes.

96.     Each of the foregoing facts were included in Defendant Watson's Complaint.

97.     During its investigation and before receiving the First *Trebus* Letter, the State knew or should have known the truth of each fact set forth above.

**B.     Defendants Ignored the Data and Analysis Provided by Plaintiffs' Expert.**

98.     Plaintiffs also engaged a forensic accountant, John Carroll of John P. Carroll, CPA LLC ("Mr. Carroll"), to review Incito's use of REIL funds during its participation in the REIL Program.

99.     Among other professional experience, Mr. Carroll had served as a forensic accountant for the U.S. Attorney's Office for the District of Arizona.

100.    Mr. Carroll reviewed and analyzed payroll and financial records relevant to each year of Incito's participation in the REIL Program.

101.    Mr. Carroll compared the invoices submitted to Defendant MCESA and the associated REIL salary and benefits amounts with the actual salaries paid according to Incito's payroll records.

102.    Mr. Carroll's review did not uncover any discrepancies.

103.    Mr. Carroll also compared Incito's payroll records with the UC-018 Unemployment Tax and Wage Reports (the "UC-018 Reports") that Incito filed with the Arizona Department of Economic Security ("AZDES").

104.    Mr. Carroll concluded that the UC-018 Reports and ADP payroll data were consistent.

105.    Defendants received Mr. Carroll's analysis with the First *Trebus* Letter.

106.    Defendants ignored the First *Trebus* Letter.

107.    Defendants also ignored Mr. Carroll's analysis.

**C.      Defendants Repeatedly Refuse to Meet to Address Plaintiffs' Exculpatory Evidence.**

108.    On December 9, 2020, counsel for Plaintiffs submitted a second *Trebus* letter to the State (the "Second Trebus Letter").

109.    The Second *Trebus* Letter resubmitted Mr. Carroll's reports, documents, and analysis.

110.    The Second *Trebus* Letter further requested that Defendants meet with Mr. Carroll to review his work and methodology.

111.    Defendants, again, ignored the Second *Trebus* Letter.

112.    Defendants, again, ignored Plaintiffs' request that it meet with Mr. Carroll.

113.    Mr. Carroll's report provided a detailed analysis of all monies paid to Incito employees during the relevant timeframe.

114.   Mr. Carroll's report further established that all monies that were supposed to be paid to employees were, in fact, paid to employees.

115.   Mr. Carroll's report confirmed that the REIL funds were appropriately used by Plaintiffs.

## VI.   Defendants Intentionally Mislead the Grand Jury in Order to Obtain Indictments against Plaintiffs.

116.   Despite having substantial exculpatory evidence, on January 20, 2021, Defendant AG's Office presented its charges against Plaintiffs to the Grand Jury.

117.   In proceeding against Plaintiffs, Defendant AG's Office withheld facts from the Grand Jury.

118.   Defendant AG's Office also failed to inform the Grand Jury of the exculpatory evidence that Plaintiffs presented to it multiple times.

119.   Defendant AG's Office further presented false and misleading testimony in an effort to undermine Mr. Carroll's expert report and analysis.

120.   For example, Defendant AG's Office withheld from the Grand Jury the fact that Defendant MCESA had requested paystubs from Incito to verify its use of REIL funds and that this request was one that Defendant MCESA had not previously made of Incito.

121.   Excluding the foregoing information from the Grand Jury created the false impression that the substantiation checks were created by Incito unilaterally.

122.   In addition, Defendant AG's Office presented rebuttal testimony from Defendant Fritz that, as Maricopa County Superior Court Judge Ronee F. Korbin Steiner ("Judge Steiner") characterized it, "clearly misrepresented the nature of [Mr. Carroll's] report."

123.   For example, Defendant Fritz falsely testified to the Grand Jury that Mr. Carroll did not evaluate payments made to specific employees.

124.   Judge Steiner characterized statements made by Defendant Fritz as "wildly misleading," "outright wrong," and "troubling."

125.   Judge Steiner further characterized Defendants' misrepresentations to the Grand Jury as being "egregious."

126.   Judge Steiner concluded that "the State clearly evoked these statements for the specific purpose of deflecting the Grand Jury from Mr. Carroll's report."

127.   By actively hiding from the Grand Jury exculpatory evidence and making overt misrepresentations to the Grand Jury, Defendants obtained an indictment against Plaintiffs.

128.   In particular, Plaintiffs were indicted for alleged violations of (1) A.R.S. §13-2310 – Scheme and artifice to defraud; (2) A.R.S. §13-1802(A)(2) – Theft (conversion of funds held lawfully); (3) A.R.S. §13-1802(A)(2) – Theft (obtain property of another with intent to deprive; (4) A.R.S. §13-2002 – Forgery; and (5) A.R.S. §13-1003 – Conspiracy to commit Counts 1, 2, 3 and 4 (the "Indictment").

129.   Defendant Shaker signed the Indictment in her capacity as Assistant Attorney General under Defendants Brnovich and AG's Office.

130.   The Indictment initiated Maricopa County Superior Court Case No. CR2021-001131 (001 to 003) (the "Criminal Case").

**VII.   Defendant AG's Office Discloses Its Financial Analysis *After* the Indictment.**

131.   Notably, during the course of its investigation, Defendant AG's Office obtained payroll records from AZDES and indicated that Defendant Fritz would do an analysis of the same.

132.   Defendants, however, failed to produce that analysis before the Indictment.

133.   Defendants finally produced their analysis on or about May 11, 2021 – approximately four months after the Indictment.

134.   Defendants' analysis verified Mr. Carroll's analysis.

135.   In particular, Defendants confirmed that the difference between the wages reported to AZDES and the corrected W-2s was exactly the amount of the cancelled substantiation checks.

**VIII.   The Criminal Case Is Remanded to the Grand Jury and Dismissed.**

136.   As the result of Defendants' prosecutorial misconduct, each Plaintiff sought remand to the Grand Jury.

137.   On September 22, 2021, Judge Steiner granted each Plaintiff's request for remand.

138.   On October 8, 2021, Defendant AG's Office filed a motion to voluntarily dismiss all claims against all Plaintiffs in the Criminal Case.

139.   Via Minute Entry dated October 8, 2021 and filed on October 11, 2021, Judge Steiner dismissed the Criminal Case as to all Plaintiffs.

**IX.   The Substantial Damage Caused by Defendants' Misconduct.**

140.   After the fraudulently-obtained Indictment, Incito's enrollment numbers fell significantly.

141.   The reduction in Incito's enrollment caused a significant reduction in the funding that Incito receives.

142.   The reduction in Incito's enrollment will further have a negative impact on Incito's future enrollment.

143.   The indictment further prevented Incito from participating in and/or receiving other grant funds that would have otherwise been available to it.

144.   Grants that the Indictment prevented Incito from participating in include ones through which Incito had been receiving funding for the four years preceding the Indictment.

145.   At the time of the Indictment, Incito was also in the process of securing bond financing in order to purchase its Goodyear campus.

146.   As the result of the Indictment, Incito was unable to secure said financing.

147.   The professional reputations of Plaintiffs have also been significantly harmed by Defendants' misconduct.

148.   For instance, after Defendants obtained the Indictment, Defendant Brnovich, through Defendant AG's Office, issued a press release which misrepresented that "the total loss in this case is purported to be $567,802."

14

149.    The only reference in the Indictment to any monetary value was that one count related to amounts "over $25,000."

150.    The alleged loss in the case was not $567,802, as published by Defendants.

151.    Defendants did not have any evidence or reasonable basis to state that the alleged amount of loss was $567,802.

152.    The foregoing press release further falsely stated that Plaintiffs provided false information to Defendant Watson's office in order to obtain grant funding and falsely accused Plaintiffs of failing to provide those monies to teachers.

153.    The State's press release was reported by multiple news organizations in the State of Arizona.

154.    Despite the subsequent remand and dismissal of the Criminal Case, Plaintiffs are forever associated with the stigma of the allegations, the investigation, and the Indictment.

155.    Defendants' conduct interfered with Ms. Jelleson's and Dr. Black's ability to perform their day-to-day job functions for Incito.

156.    For instance, due to the investigation and Indictment, Ms. Jelleson's and Dr. Black's Fingerprint Clearance Cards were revoked.

157.    Ms. Jelleson and Dr. Black each had to undergo a strenuous and laborious process to have their Fingerprint Clearance Cards reinstated.

158.    The foregoing has had an adverse impact on Ms. Jelleson's ability to renew her Principal Certificate and, to date, she has been unable to renew said certificate.

159.    Ms. Jelleson and Dr. Black were also unable to make financial decisions and otherwise oversee the operations of Incito due to Defendants' unlawful conduct.

160.    Moreover, Ms. Jelleson and Dr. Black have suffered significant emotional and psychological harm as the result of Defendants' unlawful conduct.

161.    Defendants' conduct has caused irreparable harm to Plaintiffs and their professional reputations.

1

## **FIRST CAUSE OF ACTION**

2

### **(Malicious Prosecution – Against All Defendants)**

3    162.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint

4    as though fully set forth herein.

5    163.   Defendants' investigation into Plaintiffs, presentation to the Grand Jury, and

6    pursuit of the Criminal Case constitute a criminal prosecution.

7    164.   Defendants prosecuted and/or participated in the prosecution of the criminal

8    prosecution against Plaintiffs.

9    165.   Defendants' investigation into Plaintiffs' participation in the REIL Program

10   did not produce probable cause for the Indictment.

11   166.   Plaintiffs submitted to Defendants substantial exculpatory evidence that

12   confirmed the lack of probable cause.

13   167.   Defendants knew at all relevant times that they lacked probable cause against

14   Plaintiffs.

15   168.   The Grand Jury would not have entered the Indictment had Defendants

16   properly presented truthful, material evidence to the Grand Jury.

17   169.   Instead, Defendants made misrepresentations to the Grand Jury in order to

18   obtain the Indictment.

19   170.   The criminal prosecution ultimately terminated in favor of Plaintiffs.

20   171.   As a direct and proximate result of Defendants' malicious prosecution,

21   Plaintiffs are entitled to damages in an amount to be proven at trial and sufficient to

22   compensate them for, among other things, (a) the harm to Plaintiffs' professional and

23   personal reputations; (b) significant attorneys' fees and costs incurred in defending against

24   Defendants' malicious prosecution; (c) lost income as the result of Defendants' malicious

25   prosecution; (d) emotional distress; and (e) lost income and expenses due to emotional

26   distress, in an amount to be proven at trial.

27

28

172.   Defendants' conduct was outrageous, aggravated, malicious, and fraudulent because Defendants intentionally took steps in order to subject Plaintiffs to an unwarranted criminal prosecution.

173.   For example, Defendant Watson repeatedly ignored the IGA, Defendants ignored substantial exculpatory evidence, and Defendants made express misrepresentations to the Grand Jury in order to obtain the Indictment.

174.   Defendants' conduct was motivated by actual malice and taken with an evil mind.

175.   As a result, Plaintiffs are entitled to an award of punitive damages against Defendants.

## SECOND CAUSE OF ACTION

### (Defamation – Against Defendants State, AG's Office, and Brnovich)

176.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

177.   Defendants made factual assertions in public forums with knowledge that such statements were false or with reckless disregard for the truth of their statements.

178.   For example, Defendants issued a press release that, as discussed above, set forth multiple factual misstatements including, but not limited to, that (a) "the total loss in this case is purported to be $567,802"; and (b) Plaintiffs had provided false information to Defendant Watson's office in order to obtain grant funding.

179.   The press release was published to third-parties.

180.   Upon information and belief, Defendants published other, similar false statements to third-parties.

181.   Defendants knew or should have known that the false statements made in public forums would harm Plaintiffs' professional and personal reputations and business interests.

182.   As a direct and proximate result of Defendants' false, public statements, Plaintiffs have suffered harm to their professional and personal reputations and business interests in an amount to be proven at trial.

183.   In addition, Defendants' conduct with respect to their defamatory statements about Plaintiffs was motivated by actual malice and taken with an evil mind.

184.   As a result, Plaintiffs are entitled to an award of punitive damages against Defendants.

### THIRD CAUSE OF ACTION

**(Injurious Falsehood – Against Defendants State, AG's Office, and Brnovich)**

185.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

186.   As referenced above, the State issued a press release after the Indictments that set forth numerous false statements about Plaintiffs.

187.   The press release, among other things, misrepresented that (a) "the total loss in this case is purported to be $567,802"; and (b) Plaintiffs had provided false information to Defendant Watson's office in order to obtain grant funding.

188.   The foregoing statements were published to third-parties.

189.   Upon information and belief, Defendants published other, similar false statements to third-parties.

190.   The false statements published by Defendants were derogatory to Plaintiffs' business and professional reputations.

191.   Upon information and belief, Defendants published false statements with the intent that third-parties not engage in further dealings with Plaintiffs.

192.   Defendants' false statements regarding Plaintiffs' business dealings and operations caused third-parties to stop professional dealings with Plaintiffs, thereby causing economic harm to Plaintiffs in an amount to be proven at trial.

193.   In addition, Defendants' conduct with respect to their defamatory statements about Plaintiffs was motivated by actual malice and taken with an evil mind.

194.   As a result, Plaintiffs are entitled to an award of punitive damages against Defendants.

### FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress – Against All Defendants)**

195.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

196.   Defendants' conduct was extreme and outrageous because Defendants intentionally took steps in order to subject Plaintiffs to an unwarranted criminal prosecution and Indictment.

197.   For example, Defendant Watson repeatedly ignored the IGA, Defendants ignored substantial exculpatory evidence, and Defendants made express misrepresentations to the Grand Jury in order to obtain the Indictment.

198.   By engaging in the foregoing conduct, Defendants either intended to cause emotional distress to Plaintiffs or recklessly disregarded the certainty that such conduct would cause Plaintiffs emotional distress.

199.   Defendants' conduct caused severe emotional distress to Ms. Jelleson and Dr. Black.

200.   As a direct and proximate result of Defendants' conduct, Ms. Jelleson and Dr. Black are entitled to damages in an amount to be proven at trial and sufficient to compensate them for, among other things, (a) suffering severe emotional distress; (b) expenses incurred in relation to treating or addressing said emotional distress; and (c) income lost as the result of the emotional distress caused by Defendants' conduct.

### DEMAND FOR ATTORNEYS' FEES AND COSTS

201.   Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to applicable laws, regulations, or provisions.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A.   For compensatory damages in an amount to be proven at trial;

B.      For punitive damages in an amount to be proven at trial;

C.      For an award of Plaintiffs' reasonable attorneys' fees and costs incurred in relation this matter;

D.      For pre-judgment and post-judgment interest on the foregoing amounts at the maximum rate allowed by law; and

E.      For such other and further relief as the Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 7th day of October, 2022.

DUNN DESANTIS WALT & KENDRICK, LLP


By: /s/ Justin V. Niedzialek
Justin V. Niedzialek
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
Attorneys for Plaintiffs

# Attachment 4

**Amended Complaint**

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
2/9/2023 9:54:24 AM
Filing ID 15519214

Justin V. Niedzialek (025654)
DUNN DESANTIS WALT & KENDRICK, LLP
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone:  (602) 842-2566
Facsimile:  (619) 255-4868
Email:  jniedzialek@ddwklaw.com
Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| INCITO SCHOOLS, an Arizona corporation; AMANDA JELLESON, an individual; DR. APRIL BLACK, an individual, | Case No. CV2022-013437 |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | |
| MARK BRNOVICH, individually and in the capacity as Attorney General for the State of Arizona, and JANE DOE BRNOVICH; STEVE WATSON, individually and in the capacity as Maricopa County School Superintendent, and JANE DOE WATSON; NICOLE SHAKER, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona, and JOHN DOE SHAKER; ANNALISA MADSEN, individually and in her capacity on behalf of the Office of the Attorney General for the State of Arizona, and JOHN DOE MADSEN; DENISE FRITZ, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona, and JOHN DOE FRITZ; THE STATE OF ARIZONA, a body politic; MARICOPA COUNTY, ARIZONA, a body politic; DOE INDIVIDUALS AND/OR ENTITIES 1-10, | |
| Defendants. | |

Plaintiffs Incito Schools ("Incito"), Amanda Jelleson ("Ms. Jelleson"), and Dr. April

Black ("Dr. Black" and collectively with Incito and Ms. Jelleson referred to as "Plaintiffs"),

for their causes of action against Defendants Mark Brnovich, individually and in the capacity

as Attorney General for the State of Arizona ("Defendant Brnovich"), and Jane Doe Brnovich; Steve Watson, individually and in the capacity as Maricopa County School Superintendent ("Defendant Watson"), and Jane Doe Watson; Nicole Shaker, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona ("Defendant Shaker"), and John Doe Shaker; Annalisa Madsen, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona ("Defendant Madsen"), and John Doe Madsen; Denise Fritz, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona ("Defendant Fritz"), and John Doe Fritz; State of Arizona, a body politic ("Defendant State" and collectively with Defendants Brnovich, Shaker, and Fritz referred to as the "State Defendants"); and Maricopa County, Arizona ("Defendant County" and collectively with Defendant Watson referred to as the "County Defendants"), hereby state and allege as follows:

## **PARTIES AND JURISDICTION**

1.      Incito is, and was at all times relevant hereto, a corporation duly authorized to conduct business in the State of Arizona, with its principal place of business in Maricopa County, Arizona.

2.      Ms. Jelleson is, and was at all times relevant hereto, a resident of Maricopa County, Arizona.

3.      Dr. Black is, and was at all times relevant hereto, a resident of Maricopa County, Arizona.

4.      Defendant Brnovich was at all times relevant hereto the Attorney General for the State of Arizona.

5.      Defendant Brnovich is sued in both his personal and official capacities.

6.      Defendant Brnovich is the final decision maker for Defendant State with respect to prosecution of criminal matters, including prosecution of the matter at issue in this Complaint.

2

7.  Defendant Brnovich is responsible for establishing the policies and procedures for Defendant State's department of law.

8.  Upon information and belief, Defendant Brnovich has implemented policies within the State's department of law that, in the very least, tolerate (a) investigators providing materially false or incomplete testimony in order to obtain indictments against individuals; and (b) prosecutors presenting and/or eliciting materially false or incomplete testimony in the context of criminal proceedings.

9.  Upon information and belief, Defendant Brnovich participated in the authorization, planning, and supervision of the actions of the State employees involved in the issues described herein.

10.  To the extent that Defendant Brnovich acted within the scope of his employment, Defendant State is liable for damages attributable to his actions.

11.  To the extent that Defendant Brnovich acted outside the scope of his official capacity, he is personally liable for the damages attributable to his actions.

12.  To the extent that Defendant Brnovich acted outside the scope of his official capacity, such actions were taken for his interest and for the benefit of his marital estate.

13.  Defendant Shaker is an Assistant Attorney General for Defendant State.

14.  Upon information and belief, Defendant Shaker, with and/or at the direction of Defendant Brnovich, participated in the investigation and prosecution of Plaintiffs as discussed herein.

15.  Defendant Shaker is sued in both her personal and official capacities.

16.  To the extent that Defendant Shaker acted within the scope of her employment, Defendant State is liable for damages attributable to her actions.

17.  To the extent that Defendant Shaker acted outside the scope of her official capacity, she is personally liable for the damages attributable to her actions.

18.  To the extent that Defendant Shaker acted outside the scope of her official capacity, such actions were taken for her interest and for the benefit of her marital estate.

19.    Upon information and belief, Defendant Fritz is employed as a financial expert for Defendant State.

20.    Upon information and belief, Defendant Fritz, with and/or at the direction of Defendant Brnovich, participated in the investigation and prosecution of Plaintiffs as discussed herein.

21.    Defendant Fritz is sued in both her personal and official capacities.

22.    To the extent that Defendant Fritz acted within the scope of her employment, Defendant State is liable for damages attributable to her actions.

23.    To the extent that Defendant Fritz acted outside the scope of her official capacity, she is personally liable for the damages attributable to her actions.

24.    To the extent that Defendant Fritz acted outside the scope of her official capacity, such actions were taken for her interest and for the benefit of her marital estate.

25.    Upon information and belief, Defendant Madsen is employed by the State as an investigator.

26.    Upon information and belief, Defendant Madsen, with and/or at the direction of Defendant Brnovich, participated in the investigation and prosecution of Plaintiffs as discussed herein.

27.    Defendant Madsen is sued in both her personal and official capacities.

28.    To the extent that Defendant Madsen acted within the scope of her employment, Defendant State is liable for damages attributable to her actions.

29.    To the extent that Defendant Madsen acted outside the scope of her official capacity, she is personally liable for the damages attributable to her actions.

30.    To the extent that Defendant Madsen acted outside the scope of her official capacity, such actions were taken for her interest and for the benefit of her marital estate.

31.    Defendant Watson was at all times relevant hereto the Maricopa County School Superintendent.

32.    At all times relevant hereto, Defendant Watson was responsible for establishing the policies and procedures for Defendant County's school system including,

but not limited to, with respect to Defendant County's relationships with schools in Maricopa County, financial matters related thereto, and potential improprieties by schools.

33.     Defendant Watson is sued in both his personal and official capacities.

34.     To the extent that Defendant Watson acted within the scope of his employment, Defendant County is liable for damages attributable to his actions.

35.     To the extent that Defendant Watson acted outside the scope of his official capacity, he is personally liable for the damages attributable to his actions.

36.     To the extent that Defendant Watson acted outside the scope of his official capacity, such actions were taken for his interest and for the benefit of his marital estate.

37.     The true names and capacities of Defendants identified herein as Doe Individuals and/or Entities 1-10, whether individual, corporation, partnership, association, or otherwise, are unknown to Plaintiffs and, as such, are sued under fictitious names. Plaintiffs are informed and believe that each of the Doe Individuals and/or Entities may be liable for actions or events alleged in this lawsuit.  Their true names will be substituted when they become known through the course of discovery.

38.     Plaintiffs' claims arise out of acts and omissions committed by Defendants in Maricopa County, Arizona.

39.     This Court has jurisdiction over this action pursuant to Arizona law.

40.     Venue is proper before this Court.

**ALLEGATIONS COMMON TO ALL CLAIMS**

41.     Ms. Jelleson and Dr. Black founded Incito in 2011.

42.     Incito is a 501(c)(3) nonprofit corporation that operates two charter schools.

43.     One campus is in Goodyear, Arizona, and the other is in Phoenix, Arizona.

44.     The Goodyear campus serves students from kindergarten through eighth grade.

45.     The Phoenix campus serves students from kindergarten through fifth grade.

46.     Prior to starting Incito, Ms. Jelleson and Dr. Black were both employed by Defendant County, through the Maricopa County Education Service Agency ("MCESA").

47.    Ms. Jelleson and Dr. Black continued to work for MCESA after staring Incito.

48.    Ms. Jelleson continued working for MCESA until 2016.

49.    Dr. Black continued working for MCESA until 2017.

**I.    Defendant County Invites Incito to Participate in the REIL Program**

50.    In 2014, Defendant County, through MCESA, invited Incito to participate in the U.S. Department of Education's Rewarding Excellence in Instruction and Leadership Program (the "REIL Program").

51.    The REIL Program was "designed to improve student academic growth, achievement, and success through the development and implementation of a human capital management system that rewards high quality instruction and leadership."

52.    Incito accepted the invitation to participate in the REIL Program.

53.    On or about June 29, 2015, Incito entered into an Intergovernmental Agreement with Defendant County, through MCESA, related to its participation in the REIL Program (the "IGA").

**A.    The REIL Program's Educator Incentivization Program.**

54.    The human capital management aspect of the REIL Program included an educator evaluation system.

55.    Under the foregoing system, Defendant County, through MCESA, collected data from educator evaluations and student assessments and, using that data, generated an overall REIL score for each educator and leader.

56.    Educators and leaders who obtained a REIL score at or above a certain level would be eligible for additional compensation during the applicable school year.

57.    Under the REIL Program, the additional compensation was provided via retention stipends, base pay salary increases, and/or salary enhancement.

58.    Prior to the start of each school year, Defendant County, through MCESA, generated each individual's REIL score and determined the eligible grant amount for each teacher and/or leader.

59.    MCESA would provide that information to Incito and Incito would increase each eligible employee's biweekly pay for the upcoming school year to account for the REIL funds awarded to the employee.

60.    For each year that Incito participated in the REIL Program, Defendant County, through MCESA, was aware that Incito distributed awarded REIL funds by increasing each eligible employee's biweekly pay.

61.    While each employee's eligibility for grant monies under the REIL Program was determined at the start of each school year, MCESA did not distribute funds under the REIL Program until the end of the school year (and, at times, reimbursement funds were delayed until the following school year).

62.    Thus, in each year that it participated in the REIL Program, Incito advanced the monies awarded to each eligible educator and leader.

63.    Accordingly, pursuant to the IGA, at the end of each school year, Incito submitted invoices to Defendant County, through MCESA, for reimbursement of the REIL funds advanced during the preceding school year.

64.    MCESA also required documentation from Incito verifying that it increased each eligible employee's biweekly pay to account for their respective awards under the REIL Program.

65.    For the 2014-15 and 2015-16 school years, MCESA accepted payroll summaries from ADP, Incito's payroll company, as verification of the school's use of the REIL funds.

II.    **Defendant Watson Attempts to Exclude Incito from the REIL Program.**

66.    On or about July 14, 2017, Defendant Watson, purportedly on behalf of MCESA, sent a letter to Incito stating that it would no longer be allowed to participate in the REIL Program.

67.    At the time of Defendant Watson's letter, Incito had participated in the REIL Program for three years without issue.

7

68.     Defendant Watson did not provide any basis for his unilateral decision to remove Incito from the REIL Program.

69.     Moreover, the IGA provided that, "[i]n the event conflict arises, the parties agree to make every effort to reconcile conflicts and make reasonable provisions to ensure neither party will suffer a consequence of conflict."

70.     Neither Defendant Watson nor Defendant County made any such effort before purporting to remove Incito from the REIL Program.

71.     After receiving the aforementioned letter from Defendant Watson, Plaintiffs requested a meeting to discuss his decision to remove Incito from the REIL Program.

72.     During that meeting, Plaintiffs asked Defendant Watson to provide a statement explaining the decision to remove Incito from the REIL Program.

73.     Plaintiffs requested this statement so that they could provide it to Incito's governing board, community, and staff.

74.     Defendant Watson declined to provide a statement and further failed to explain the decision to remove Incito from the REIL Program.

75.     Notwithstanding Defendant Watson's overture, in August 2017, MCESA informed Incito that it would continue to receive additional grant monies through the REIL Program.

76.     In light of the foregoing, while Defendant Watson purportedly removed Incito from the REIL Program on behalf of MCESA, upon information and belief, his actions fell outside the scope of his official capacity and/or was not authorized by Defendant County.

III.    **Defendant County Changes Its Reporting Requirements Under the REIL Program.**

77.     Although Defendant County, through MCESA, accepted ADP's payroll summaries to verify Incito's use of REIL funds for the 2014-15 and 2015-16 school years, in September 2017, Defendant County changed its required form of documentation.

8

78.    In particular, Defendant County requested paystubs showing the breakdown of the payment of the REIL funds, the check number, and the dates paid for each eligible employee during the 2016-2017 school year.

79.    ADP, however, did not maintain paystubs for Incito.

80.    In order to satisfy Defendant County's new paystub requirement, Incito created substantiation checks in its payroll system equal to the amount of REIL funds paid to each eligible employee during the school year.

81.    Incito provided the payroll stubs related to the substantiation checks to Defendant County and voided the checks.

82.    Employees did not receive the substantiation checks because the checks reflected REIL funds already paid to the eligible employees that year through their increased biweekly wages.

83.    As such, ADP was not to include the amount identified on each substantiation check in the applicable employee's W-2 tax form.

84.    ADP, however, erroneously issued to each eligible employee a W-2 that treated the substantiation checks as additional income.

85.    Plaintiffs learned of ADP's payroll error in approximately April 2018 and immediately notified the affected employees.

86.    Plaintiffs further notified ADP of the error and instructed it to issue corrected W-2s.

87.    ADP acknowledged its error and issued a correct W-2 to each affected employee.

88.    Incito also offered to reimburse any expenses incurred by employees associated with preparing and filing any amended tax returns.

IV.   **Defendant Watson Uses ADP's Payroll Error to Accuse Plaintiffs of Fraud.**

89.   On or about September 19, 2018, Defendant Watson sent a letter to Defendant Brnovich in which he accused Plaintiffs of defrauding the REIL Program of $123,916.00 ("Defendant Watson's Complaint").

90.   Defendant Watson's Complaint arose out of an August 24, 2018 meeting that he had with a former Incito employee.

91.   The former Incito employee was also a personal friend of Defendant Watson.

92.   Defendant Watson's Complaint failed to disclose that the former Incito employee was also a personal friend.

93.   The former Incito employee was one of the employees who received an incorrect W-2 because of ADP's payroll error.

94.   According to Defendant Watson's Complaint, "[t]he teacher explained that Incito Schools provided a 2017 W-2 form that seemed inaccurate as it reported more income than the teacher remembered earning."

95.   Defendant Watson further stated that the former Incito employee informed him that Incito "looked into the matter, and then explained that ADP, their payroll provider, had mistakenly issued incorrect W-2 forms."

96.   Defendant Watson's Complaint further confirmed that "revised 2017 W-2s were then reissued to the teacher and several other staff members."

97.   Based on ADP's payroll error, Defendant Watson represented to Defendant Brnovich that "there was malfeasance with some grants that [Incito] issued."

98.   Defendant Watson lacked any reasonable basis to make this allegation.

99.   In addition, Defendant Watson's Complaint claimed that Defendant County, through MCESA, had documents evidencing the fraud he accused Plaintiffs of committing.

100.   Defendant Watson did not engage in any efforts to address his accusations with Plaintiffs before submitting his complaint to Defendant Brnovich, as required by the IGA.

101.   Upon information and belief, at all times relevant hereto, multiple school districts under Defendant Watson's oversight were experiencing financial deficiencies due to Defendant Watson's shortcomings as Maricopa County School Superintendent.

102.   Upon information and belief, Defendant Watson's Complaint was motivated by Defendant Watson's desire to deflect attention from those financial deficiencies.

## V.    The State Defendants Investigate Plaintiff's Participation in the REIL Program.

103.   Defendant Watson's Complaint caused Defendant Brnovich to direct his office to investigate Incito's participation in the REIL Program.

104.   Upon information and belief, the State Defendants began investigating Plaintiffs' participation in the REIL Program in approximately November 2018.

105.   During the course of the State Defendants' investigation, among other things:

   a.   Defendant Madsen obtained financial records related to Plaintiffs.

   b.   Defendant Madsen provided the foregoing records to Defendant Fritz for purposes of her conducting a financial analysis.

   c.   Defendant Madsen obtained Incito's available payroll records.

   d.   Defendant Madsen provided the foregoing records to Defendant Fritz for purposes of her conducting a financial analysis.

   e.   Defendant Fritz verified that the substantiation checks were not paid to Incito employees.

   f.   The State Defendants interviewed four of the 14 Incito employees who received incorrect W-2s due to ADP's payroll error.

   g.   The State Defendants received documentation from Defendant County, including communications wherein Plaintiffs are addressing MCESA's change in record requirements.

   h.   Defendant Fritz analyzed Incito's financial records and payroll reports and determined that Incito's Arizona State Retirement System contributions were being made properly.

106.   Upon information and belief, at all relevant times, Defendants Brnovich and Shaker participated in, directed, and/or were aware of the investigation.

**A.**     **The State Defendants Knew that ADP Committed a Payroll Error.**

107.    Upon learning of the State Defendants' investigation, Plaintiffs, through counsel, requested to meet with the State Defendants.

108.    Plaintiffs requested said meeting in order to understand what Defendants were investigating and to provide exculpatory materials.

109.    The State Defendants, however, denied Plaintiffs' request to meet and provide exculpatory evidence.

110.    As a result, on or about January 21, 2020, Plaintiffs, through counsel, sent a *Trebus* letter to the State, providing it with exculpatory evidence based on Plaintiffs' understanding of the investigation (the "First *Trebus* Letter").

111.     In the First *Trebus* Letter, Plaintiffs explained the payroll error made by ADP.

112.    In particular, the First *Trebus* Letter set forth the following facts regarding Incito's participation in the REIL Program and ADP's payroll error:

    a. In 2017, MCESA requested additional documentation in the form of pay stubs to substantiate the REIL grant payments to employees.

    b. MCESA asked for the total grant amount paid to each employee to be issued on one check.

    c. MCESA knew, understood, and supported Incito's previous inclusion of grant monies as "base pay," which was paid out biweekly.

    d. Incito created substantiation checks in its payroll system that equaled the amount of REIL funds paid to eligible employees.

    e. Incito immediately voided the substantiation checks, did not pay the checks to the employees, and continued to make the grant payments through normal biweekly payroll checks, as previously established.

    f. Even though the substantiation checks were voided and not cashed, ADP issued W-2s with the amounts incorrectly included as wages.

    g. Incito directed ADP to re-issue the W-2s with the correct pay amount for 2017.

    h. Employees were notified of the error and Incito offered to pay any expenses associated with revising and/or refiling the employee's taxes.

113.    Each of the foregoing facts were included in Defendant Watson's Complaint.

114.     During its investigation and before receiving the First *Trebus* Letter, the State Defendants knew or should have known the truth of each facts set forth above because they were all available in the information obtained by the State Defendants in the course of their investigation.

**B.     The State Defendants Ignored Exculpatory Evidence by Plaintiffs' Expert.**

115.     Plaintiffs also engaged a forensic accountant, John Carroll of John P. Carroll, CPA LLC ("Mr. Carroll"), to review Incito's use of REIL funds during its participation in the REIL Program.

116.     Among other professional experience, Mr. Carroll had served as a forensic accountant for the U.S. Attorney's Office for the District of Arizona.

117.     Mr. Carroll reviewed and analyzed payroll and financial records relevant to each year of Incito's participation in the REIL Program.

118.     Mr. Carroll compared the invoices submitted to Defendant MCESA and the associated REIL salary and benefits amounts with the actual salaries paid according to Incito's payroll records.

119.     Mr. Carroll's review did not uncover any discrepancies.

120.     Mr. Carroll also compared Incito's payroll records with the UC-018 Unemployment Tax and Wage Reports (the "UC-018 Reports") that Incito filed with the Arizona Department of Economic Security ("AZDES").

121.     Mr. Carroll concluded that the UC-018 Reports and ADP payroll data were consistent.

122.     The State Defendants received Mr. Carroll's analysis with the First *Trebus* Letter.

123.     The State Defendants ignored the First *Trebus* Letter.

124.     The State Defendants also ignored Mr. Carroll's analysis.

**C.      The State Defendants Again Refuse to Meet to Address Plaintiffs'
          Exculpatory Evidence.**

125.    On December 9, 2020, counsel for Plaintiffs submitted a second *Trebus* letter

to the State Defendants (the "Second Trebus Letter").

126.    The Second *Trebus* Letter resubmitted Mr. Carroll's reports, documents, and

analysis.

127.    The Second *Trebus* Letter further requested that the State Defendants meet

with Mr. Carroll to review his work and methodology.

128.    The State Defendants, again, ignored the Second *Trebus* Letter.

129.    The State Defendants, again, ignored Plaintiffs' request that it meet with Mr.

Carroll.

130.    Mr. Carroll's report provided a detailed analysis of all monies paid to Incito

employees during the relevant timeframe.

131.    Mr. Carroll's report further established that all monies that were supposed to

be paid to employees were, in fact, paid to employees.

132.    Mr. Carroll's report confirmed that the REIL funds were appropriately used

by Plaintiffs.

133.    The State Defendants' investigation into Plaintiffs revealed that Plaintiffs did

not engage in any criminal conduct.

**VI.     The State Defendants Intentionally Mislead the Grand Jury in Order to
          Obtain Indictments against Plaintiffs.**

134.    Despite not having any probable cause to proceed, on January 20, 2021, the

State Defendants presented their charges against Plaintiffs to the Grand Jury.

135.    In proceeding against Plaintiffs, the State Defendants withheld material facts

from the Grand Jury.

136.    For example, the State Defendants withheld from the Grand Jury the fact that

Defendant County, through MCESA, (a) had requested paystubs from Incito to verify its use

of REIL funds; (b) that this request was one that MCESA had not previously made of Incito;

and (c) that Incito created the substantiation checks at issue in the investigation for the purpose of satisfying MCESA's new request.

137. The foregoing information was material to Plaintiffs' case.

138. Excluding the foregoing information from the Grand Jury created the false impression that the substantiation checks were created by Incito unilaterally.

139. The State Defendants withheld material information from the Grand Jury in order to obtain indictments against Plaintiffs.

140. The State Defendants further presented false and misleading testimony in an effort to undermine the exculpatory evidence provided in Mr. Carroll's expert report.

141. For example, Defendant Fritz falsely testified to the Grand Jury that Mr. Carroll did not evaluate payments made to specific employees and whether they received REIL funds that they were supposed to receive.

142. To the contrary, Mr. Carroll's report included pay dates, amounts, and each employee who received payments under the REIL Program.

143. Using the foregoing information, Mr. Carroll's report verified that all REIL funds were properly distributed by Plaintiffs.

144. Significantly, Mr. Carroll's report included the foregoing analysis with respect to the three Incito employees who were the focus of the State Defendants' investigation.

145. Despite this, the State Defendants misrepresented to the Grand Jury that Incito employees did not receive any grant funds.

146. The State Defendants knew that they presented false and misleading information to the Grand Jury because said information expressly contradicted Mr. Carroll's report, which was provided to the State Defendants multiple times during the course of their investigation.

147. According to Maricopa County Superior Court Judge Ronee F. Korbin Steiner ("Judge Steiner"), the State "clearly misrepresented the nature of [Mr. Carroll's] report."

148.    Judge Steiner characterized statements made by Defendant Fritz as "wildly misleading," "outright wrong," and "troubling" and characterized the State Defendants' misrepresentations to the Grand Jury as being "egregious."

149.    Judge Steiner concluded that "the State clearly evoked these statements for the specific purpose of deflecting the Grand Jury from Mr. Carroll's report."

150.    By actively hiding from the Grand Jury exculpatory evidence and making overt misrepresentations to the Grand Jury, the State Defendants obtained an indictment against Plaintiffs.

151.    In particular, Plaintiffs were indicted for alleged violations of (1) A.R.S. §13-2310 – Scheme and artifice to defraud; (2) A.R.S. §13-1802(A)(2) – Theft (conversion of funds held lawfully); (3) A.R.S. §13-1802(A)(2) – Theft (obtain property of another with intent to deprive; (4) A.R.S. §13-2002 – Forgery; and (5) A.R.S. §13-1003 – Conspiracy to commit Counts 1, 2, 3 and 4 (the "Indictment").

152.    Defendant Shaker signed the Indictment in her capacity as Assistant Attorney General under Defendants Brnovich and State.

153.    The Indictment initiated Maricopa County Superior Court Case No. CR2021-001131 (001 to 003) (the "Criminal Case").

**VII.    The State Defendants Disclose Their Exculpatory Financial Analysis *After* the Indictment.**

154.    Notably, upon information and belief, the State Defendants obtained payroll records from AZDES in approximately September 2019.

155.    The foregoing information was obtained in order for Defendant Fritz to conduct an analysis of the same.

156.    The State Defendants, however, failed to produce that analysis before the Indictment.

157.    The State Defendants finally produced their analysis on or about May 11, 2021 – approximately four months after the Indictment.

158.    The State Defendants' analysis verified Mr. Carroll's analysis.

16

159.   In particular, the State Defendants confirmed that the difference between the wages reported to AZDES and the corrected W-2s was exactly the amount of the cancelled substantiation checks.

160.   Upon information and belief, the Grand Jury would not have entered the Indictment if the State Defendants produced their analysis before the Indictment.

**VIII.   The Criminal Case Is Remanded to the Grand Jury and Dismissed.**

161.   As the result of the State Defendants' judicial deception, each Plaintiff sought remand to the Grand Jury.

162.   On September 22, 2021, Judge Steiner granted each Plaintiff's request for remand.

163.   On October 8, 2021, the State Defendants filed a motion to voluntarily dismiss all claims against all Plaintiffs in the Criminal Case.

164.   Via Minute Entry dated October 8, 2021 and filed on October 11, 2021, Judge Steiner dismissed the Criminal Case as to all Plaintiffs.

**IX.   The Substantial Damage Caused by Defendants' Misconduct.**

165.   After the fraudulently-obtained Indictment, Incito's enrollment numbers fell significantly.

166.   The reduction in Incito's enrollment caused a significant reduction in the funding that Incito receives.

167.   The reduction in Incito's enrollment will further have a negative impact on Incito's future enrollment.

168.   The Indictment further prevented Incito from participating in and/or receiving other grant funds that would have otherwise been available to it.

169.   Grants that the Indictment prevented Incito from participating in include ones through which Incito had been receiving funding for the four years preceding the Indictment.

170.   At the time of the Indictment, Incito was also in the process of securing bond financing in order to purchase its Goodyear campus.

171.   As the result of the Indictment, Incito was unable to secure said financing.

17

172.    The Indictment also caused Plaintiffs to be subjected to numerous, extensive audits including, but not limited to, audits related to the National School Lunch Program, the 21st Century Learning Grant, Title 1 funding, the Targeted Support Improvement Grant, and an Average Daily Membership Audit over a three-year period by the Department of Education.

173.    Plaintiffs were forced to reallocate resources in order to address these numerous audits.

174.    The professional reputations of Plaintiffs have also been significantly harmed by Defendants' misconduct.

175.    For instance, after Defendants obtained the Indictment, Defendant Brnovich issued a press release which misrepresented that "the total loss in this case is purported to be $567,802."

176.    The only reference in the Indictment to any monetary value was that one count related to amounts "over $25,000."

177.    The alleged loss in the case was not $567,802, as published by the State Defendants.

178.    The State Defendants did not have any evidence or reasonable basis to state that the alleged amount of loss was $567,802.

179.    The foregoing press release further falsely stated that Plaintiffs provided false information to Defendant Watson's office in order to obtain grant funding and falsely accused Plaintiffs of failing to provide those monies to teachers.

180.    The State's press release was reported by multiple news organizations in the State of Arizona.

181.    The dismissal of the Criminal Case confirmed the false nature of the statements made by the State Defendants.

182.    Even after the Criminal Case was dismissed, the State Defendants failed to correct or retract the defamatory statements.

183.    Despite the subsequent remand and dismissal of the Criminal Case, Plaintiffs are forever associated with the stigma of the allegations, the investigation, and the Indictment.

184.    The Indictment interfered with the personal liberties of Ms. Jelleson and Dr. Black.

185.    For example, while under Indictment, Ms. Jelleson and Dr. Black were prevented from traveling outside the State of Arizona.

186.    The Indictment also had an adverse impact on Ms. Jelleson's and Dr. Black's individual familial relationships.

187.    As a result of the Indictment, certain financial institutions also terminated their relationships with Plaintiffs and closed existing accounts.

188.    The Indictment prevented Ms. Jelleson and Dr. Black from fully performing their professions and professional responsibilities.

189.    Due to the investigation and Indictment, Ms. Jelleson's and Dr. Black's Fingerprint Clearance Cards were revoked.

190.    As the result of their Fingerprint Clearance Cards being revoked, Ms. Jelleson and Dr. Black were also removed from Incito's governing board.

191.    While their Fingerprint Clearance Cards were revoked, Ms. Jelleson and Dr. Black were not permitted to be on the Incito campus without supervision of someone with a valid Fingerprint Clearance Card.

192.    Thus, while under Indictment, Ms. Jelleson and Dr. Black were not able to perform their day-to-day job functions for Incito.

193.    Indeed, even after the Criminal Case was dismissed, Ms. Jelleson and Dr. Black still could not perform the functions of their profession because that dismissal did not automatically cause their Fingerprint Clearance Cards to be reinstated.

194.    Instead, in order to reinstate their Fingerprint Clearance Cards, Ms. Jelleson and Dr. Black each had to undergo a strenuous and laborious process.

195.  The foregoing also had an adverse impact on Ms. Jelleson's ability to renew her Principal Certificate and, to date, she has been unable to renew said certificate.

196.  Ms. Jelleson and Dr. Black were also unable to make financial decisions and otherwise oversee the operations of Incito due to Defendants' unlawful conduct.

197.  The Indictment resulted in the teaching certificates of Ms. Jelleson and Dr. Black being suspended.

198.  Moreover, Ms. Jelleson and Dr. Black have suffered significant emotional and psychological harm as the result of Defendants' unlawful conduct.

## **FIRST CAUSE OF ACTION**

### **(Malicious Prosecution Under Arizona State Law –**

### **Against Defendants State and Brnovich)**

199.  Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

200.  Defendants' investigation into Plaintiffs, presentation to the Grand Jury, and pursuit of the Criminal Case constitute a criminal prosecution.

201.  Defendants State and Brnovich directed and/or participated in the above-referenced investigation of Plaintiffs.

202.  Defendants' investigation into Plaintiffs' participation in the REIL Program did not produce probable cause for the Indictment.

203.  Plaintiffs submitted to Defendants substantial exculpatory evidence that confirmed the lack of probable cause.

204.  Defendants knew at all relevant times that the investigation did not establish probable cause against Plaintiffs.

205.  Upon information and belief, the Grand Jury would not have entered the Indictment had Defendants properly presented truthful, material evidence, including the true results of their investigation, to the Grand Jury.

206.   Instead, Defendants ignored substantial exculpatory evidence obtained in their investigation and presented express misrepresentations to the Grand Jury in order to obtain the Indictment.

207.   The criminal prosecution ultimately terminated in favor of Plaintiffs.

208.   As a direct and proximate result of Defendants' malicious prosecution, Plaintiffs are entitled to damages in an amount to be proven at trial and sufficient to compensate them for, among other things, (a) the harm to Plaintiffs' professional and personal reputations; (b) significant attorneys' fees and costs incurred in defending against Defendants' malicious prosecution; (c) lost income as the result of Defendants' malicious prosecution; (d) emotional distress; and (e) lost income and expenses due to emotional distress, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Defamation – Against Defendants State and Brnovich)

209.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

210.   Defendants made factual assertions in public forums with knowledge that such statements were false or with reckless disregard for the truth of their statements.

211.   For example, Defendant Brnovich, on behalf of Defendant State, issued a press release that, as discussed above, set forth multiple factual misstatements including, but not limited to, that (a) "the total loss in this case is purported to be $567,802"; and (b) Plaintiffs had provided false information to Defendant Watson's office in order to obtain grant funding.

212.   The press release was published to third-parties.

213.   Upon information and belief, Defendants published other, similar false statements to third-parties.

214.   Defendants knew or should have known that the false statements made in public forums would harm Plaintiffs' professional and personal reputations and business interests.

215.   As a direct and proximate result of Defendants' false, public statements, Plaintiffs have suffered harm to their professional and personal reputations and business interests in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### (Injurious Falsehood – Against Defendants State and Brnovich)

216.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

217.   As referenced above, Defendant State, through Defendant Brnovich, issued a press release after the Indictments that set forth numerous false statements about Plaintiffs.

218.   The press release, among other things, misrepresented that (a) "the total loss in this case is purported to be $567,802"; and (b) Plaintiffs had provided false information to Defendant Watson's office in order to obtain grant funding.

219.   The foregoing statements were published to third-parties.

220.   Upon information and belief, Defendants published other, similar false statements to third-parties.

221.   The false statements published by Defendants were derogatory to Plaintiffs' business and professional reputations.

222.   Upon information and belief, Defendants published false statements with the intent that third-parties not engage in further dealings with Plaintiffs.

223.   Defendants' false statements regarding Plaintiffs' business dealings and operations caused third-parties to stop professional dealings with Plaintiffs, thereby causing economic harm to Plaintiffs in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress – Against Defendants State and Brnovich)

224.   Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

225.     Defendants' conduct was extreme and outrageous because Defendants intentionally took steps in order to subject Plaintiffs to an unwarranted criminal prosecution and Indictment.

226.     For example, Defendants ignored substantial exculpatory evidence obtained in the course of their investigation and presented express misrepresentations to the Grand Jury in order to obtain the Indictment.

227.     By engaging in the foregoing conduct, Defendants either intended to cause emotional distress to Plaintiffs or recklessly disregarded the certainty that such conduct would cause Plaintiffs emotional distress.

228.     Defendants' conduct caused severe emotional distress to Ms. Jelleson and Dr. Black.

229.     As a direct and proximate result of Defendants' conduct, Ms. Jelleson and Dr. Black are entitled to damages in an amount to be proven at trial and sufficient to compensate them for, among other things, (a) suffering severe emotional distress; (b) expenses incurred in relation to treating or addressing said emotional distress; and (c) income lost as the result of the emotional distress caused by Defendants' conduct.

## FIFTH CAUSE OF ACTION

### (Malicious Prosecution Under 42 U.S.C. § 1983 – Against All Defendants)

230.     Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

231.     Plaintiffs bring this claim under 42 U.S.C. § 1983 to redress violations of the rights, privileges, or immunities secured by the Constitution and federal law.

232.     Defendant Watson was operating in the foregoing capacity when he submitted his complaint to Defendant Brnovich and, accordingly, Defendant County is liable for Defendant Watson's conduct in that regard.

233.     Defendant Watson lacked any reasonable basis to believe that Plaintiffs committed any crime when he submitted his complaint to Defendant Brnovich.

234. Similarly, the State Defendants' investigation did not show probable cause for the Indictments.

235. For instance, in the course of the State Defendants' investigation, the State Defendants obtained information verifying the reason for the substantiation checks, confirmation of ADP's payroll error, and financial analysis from Plaintiffs that verified Incito's use of all REIL funds.

236. Despite having the foregoing information and an entire lack of probable cause, the State Defendants pursued the Indictments against Plaintiffs using the results of their investigation.

237. The Grand Jury would not have entered the Indictment had Defendants properly presented truthful, material evidence to the Grand Jury.

238. Instead, the State Defendants elicited and/or made misrepresentations related to their deficient investigation to the Grand Jury in order to obtain the Indictment.

239. Upon information and belief, at all times relevant hereto, the conduct of the State Defendants was done pursuant to the direction of Defendant Brnovich, policy created by Defendant Brnovich, or was otherwise ratified by Defendant Brnovich and, therefore, Defendant State is responsible for the conduct of the individual State Defendants.

240. The criminal prosecution ultimately terminated in favor of Plaintiffs.

241. Defendants' wrongful actions violated Plaintiffs' rights as protected by the fourth and fourteenth amendments of the United States Constitution.

242. At all times relevant hereto, Defendants were acting under color of law.

243. As a direct and proximate result of Defendants' malicious prosecution, Plaintiffs are entitled to damages in an amount to be proven at trial and sufficient to compensate them for, among other things, (a) the harm to Plaintiffs' professional and personal reputations; (b) significant attorneys' fees and costs incurred in defending against Defendants' malicious prosecution; (c) lost income as the result of Defendants' malicious prosecution; (d) emotional distress; and (e) lost income and expenses due to emotional distress, in an amount to be proven at trial.

244.    Defendants' conduct was caused by evil motive or intent or Defendants otherwise acted with reckless or callous indifference to the Plaintiffs' protected rights and, therefore, Plaintiffs are entitled to punitive damages.

## SIXTH CAUSE OF ACTION

**(Judicial Deception Under 42 U.S.C. § 1983 – Against the State Defendants)**

245.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

246.    Plaintiffs bring this claim under 42 U.S.C. § 1983 to redress violations of the rights, privileges, or immunities secured by the Constitution and federal law.

247.    In the course of the Grand Jury proceedings, the State Defendants concealed and misrepresented evidence in order to obtain the Indictments against Plaintiffs.

248.    The false statements and omissions by the State Defendants were material to the Grand Jury's finding of probable cause.

249.    If the State Defendants presented complete and truthful information to the Grand Jury, the Grand Jury would not have entered the Indictments.

250.    The omissions and misrepresentations made by the State Defendants were done intentionally or with reckless indifference to the truth.

251.    Upon information and belief, at all times relevant hereto, the conduct of the State Defendants was done pursuant to the direction of Defendant Brnovich, policy created by Defendant Brnovich, or was otherwise ratified by Defendant Brnovich and, therefore, Defendant State is responsible for the conduct of the individual State Defendants.

252.    Defendants' wrongful actions violated Plaintiffs' rights as protected by the fourth and fourteenth amendments of the United States Constitution.

253.    At all times relevant hereto, the State Defendants were acting under color of law.

254.    As a direct and proximate result of the State Defendants' judicial deception, Plaintiffs are entitled to damages in an amount to be proven at trial and sufficient to compensate them for, among other things, (a) the harm to Plaintiffs' professional and

personal reputations; (b) significant attorneys' fees and costs incurred in defending against Defendants' prosecution; (c) lost income as the result of Defendants' judicial deception; (d) emotional distress; and (e) lost income and expenses due to emotional distress, in an amount to be proven at trial.

255.    The State Defendants' conduct was caused by evil motive or intent or Defendants otherwise acted with reckless or callous indifference to the Plaintiffs' protected rights and, therefore, Plaintiffs are entitled to punitive damages.

<u>**SEVENTH CAUSE OF ACTION**</u>

**(Fabrication/Suppression of Evidence Under 42 U.S.C. § 1983 – Against the State Defendants)**

256.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

257.    Plaintiffs bring this claim under 42 U.S.C. § 1983 to redress violations of the rights, privileges, or immunities secured by the Constitution and federal law.

258.    Upon information and belief, the investigation conducted by the individual State Defendants was done pursuant to the direction of Defendant Brnovich, policy created by Defendant Brnovich, or was otherwise ratified by Defendant Brnovich.

259.    In the course of the State Defendants' investigation, Plaintiffs presented the State Defendants with substantial exculpatory evidence establishing that the allegations against them were false.

260.    In particular, Plaintiffs provided the State Defendants with Mr. Carroll's report which verified the appropriate use of all REIL funds.

261.    The State Defendants also obtained exculpatory evidence in the course of their investigation independent of the information provided by Plaintiffs.

262.    In light of the foregoing, the State Defendants knew or should have known that Plaintiffs had not engaged in the misconduct that the State Defendants were investigating.

263.    Despite the foregoing, the State Defendants continued their investigation of Plaintiffs.

264.     Ultimately, the State Defendants used fabricated findings of their investigation in order to obtain the Indictment.

265.     For instance, Defendant Madsen falsely testified to the Grand Jury that the State Defendants' investigation discovered malfeasance by Plaintiffs in years preceding the school year at issue in Defendant Watson's Complaint.

266.     Defendant Fritz also falsely testified about the contents and scope of analysis in Mr. Carroll's report.

267.     In that regard, the State Defendants also suppressed material information from the Grand Jury by failing to accurately present the exculpatory evidence they discovered in their investigation.

268.     Defendants' wrongful actions violated Plaintiffs' rights as protected by the fourteenth amendment of the United States Constitution.

269.     At all times relevant hereto, the State Defendants were acting under color of law.

270.     As a direct and proximate result of the State Defendants' fabrication of evidence, Plaintiffs are entitled to damages in an amount to be proven at trial and sufficient to compensate them for, among other things, (a) the harm to Plaintiffs' professional and personal reputations; (b) significant attorneys' fees and costs incurred in defending against Defendants' prosecution; (c) lost income as the result of Defendants' fabrication of evidence; (d) emotional distress; and (e) lost income and expenses due to emotional distress, in an amount to be proven at trial.

271.     The State Defendants' conduct was caused by evil motive or intent or Defendants otherwise acted with reckless or callous indifference to the Plaintiffs' protected rights and, therefore, Plaintiffs are entitled to punitive damages.

### **DEMAND FOR ATTORNEYS' FEES AND COSTS**

272.     Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws, regulations, or provisions.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>DEMAND FOR RELIEF</u>**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A.      For compensatory damages in an amount to be proven at trial;

B.      For punitive damages in an amount to be proven at trial;

C.      For an award of Plaintiffs' reasonable attorneys' fees and costs incurred in relation this matter;

D.      For pre-judgment and post-judgment interest on the foregoing amounts at the maximum rate allowed by law; and

E.      For such other and further relief as the Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 9th day of February, 2023.

DUNN DESANTIS WALT & KENDRICK, LLP


By: /s/ Justin V. Niedzialek
Justin V. Niedzialek
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
Attorneys for Plaintiffs

# Attachment 5

**Service Documents**

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961530

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Incito Schools, et al.<br>Plaintiff(s),<br>v.<br>Mark Brnovich, et al.<br>Defendant(s). | Case No. **CV2022-013437**<br><br>**SUMMONS** |

To: Mark Brnovich

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7Z79358

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961531

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Incito Schools, et al.
Plaintiff(s),
v.
Mark Brnovich, et al.
Defendant(s).

Case No. **CV2022-013437**

**SUMMONS**

To: Steve Watson

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZturboCourt.gov Form Set #7279358

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7Z79358

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961532

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Incito Schools, et al.
Plaintiff(s),
v.
Mark Brnovich, et al.
Defendant(s).

Case No.  **CV2022-013437**

**SUMMONS**

To: Nicole Shaker

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961533

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Incito Schools, et al.
Plaintiff(s),
v.
Mark Brnovich, et al.
Defendant(s).

Case No. **CV2022-013437**

**SUMMONS**

To: Denise Fritz

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7Z79358

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961534

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Incito Schools, et al.
Plaintiff(s),
v.
Mark Brnovich, et al.
Defendant(s).

Case No.  **CV2022-013437**

**SUMMONS**

To: State of Arizona

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7279359

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961535

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Incito Schools, et al.
Plaintiff(s),
v.
Mark Brnovich, et al.
Defendant(s).

Case No.  **CV2022-013437**

**SUMMONS**

To: Office of the Arizona Attorney General

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7Z79358

2

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961536

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Incito Schools, et al.
Plaintiff(s),
v.
Mark Brnovich, et al.
Defendant(s).

Case No. **CV2022-013437**

**SUMMONS**

To: Maricopa County, Arizona

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7Z79358

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961537

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Incito Schools, et al.
Plaintiff(s),
v.
Mark Brnovich, et al.
Defendant(s).

Case No.  **CV2022-013437**

**SUMMONS**

To: Maricopa County Education Service Agency

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *YVETTE MORALEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901


ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
N. MARRUFFO, DEP

22 OCT 19 AM 11:44

Inv. #

**149685**

# SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

**INCITO SCHOOLS, ET AL**

Plaintiff / Petitioner,

vs.

**MARK BRNOVICH, ET AL**

Defendant / Respondent.

NO.  **CV2022-013437**

CERTIFICATE OF SERVICE

**Geoffrey Roberts**_____, the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from _____**Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP**_____ on _____**10/14/22**_____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**   **OFFICE OF THE ATTORNEY GENERAL**

**DATE & TIME:** 10/17/2022 3:25pm
**PLACE &** 2005 N. CENTRAL AVE, PHOENX, AZ 85004, which is his/her place of business.
**MANNER:** By serving Lisa Fischer, Receptionist, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 60's, Ht: 5' 6in., Wt: 200, Eyes: Brown, Hair: Grey, Ethnicity: White

**Statement of Costs**

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $5.75 |
| **Total** | **$70.75** |

PAGES

Affiant, Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
N. MARRUFFO, DEP

Inv. #

149686

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

22 OCT 19 AM 11: 44

**INCITO SCHOOLS, ET AL**

Plaintiff / Petitioner,

vs.

**MARK BRNOVICH, ET AL**

Defendant / Respondent.

NO.  **CV2022-013437**

CERTIFICATE OF SERVICE

<u>Geoffrey Roberts</u>                              , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from            **Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP**            on        **10/14/22**        ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**    **DENISE FRITZ c/o ARIZONA ATTORNEY GENERAL**

**DATE & TIME:**  10/17/2022 3:25pm
**PLACE &**    2005 N. CENTRAL AVE, PHOENX, AZ 85004, which is his/her place of business.
**MANNER:**    By serving Lisa Fischer, Receptionist, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 60's, Ht: 5' 6in., Wt: 200, Eyes: Brown, Hair: Grey, Ethnicity: White

<u>Statement of Costs</u>

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $5.75 |
| **Total** | **$70.75** |

PAGES

Affiant - Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901



ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
N. MARRUFFO, DEP

22 OCT 19  AM 11:44

Inv. #
_____
149683

# SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

**INCITO SCHOOLS, ET AL**

**Plaintiff / Petitioner,**

vs.

**MARK BRNOVICH, ET AL**

**Defendant / Respondent.**

NO.   CV2022-013437
_____
CERTIFICATE OF SERVICE

_____

**Geoffrey Roberts** _____, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from _____ **Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP** _____ on _____ **10/14/22** _____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona

**NAME:**   **STATE OF ARIZONA c/o ARIZONA ATTORNEY GENERAL**

**DATE & TIME:**   10/17/2022 3:25pm
**PLACE &**   2005 N. CENTRAL AVE, PHOENX, AZ 85004, which is his/her place of business.
**MANNER:**   By serving Lisa Fischer, Receptionist, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 60's, Ht: 5' 6in., Wt: 200, Eyes: Brown, Hair: Grey, Ethnicity: White

| **Statement of Costs** | | |
|---|---|---|
| Services | $16.00 | |
| Mileage | $24.00 | |
| Sp. Handl. | | |
| Witness | | |
| Advances | | |
| Cert. Prep | $25.00 | PAGES |
| Other | $5.75 | |
| **Total** | **$70.75** | |

**Affiant / Registered in
Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901


ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
N. MARRUFFO, DEP

Inv. #

**149684**

## SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

22 OCT 19 AM11:44

**INCITO SCHOOLS, ET AL**

**Plaintiff / Petitioner,**

vs.

**MARK BRNOVICH, ET AL**

**Defendant / Respondent.**

NO.   **CV2022-013437**

CERTIFICATE OF SERVICE

<u>Geoffrey Roberts</u>, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from   **Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP**   on   **10/14/22**;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**   **MARK BRNOVICH c/o ARIZONA ATTORNEY GENERAL**

**DATE & TIME:**   10/17/2022 3:25pm
**PLACE &**   2005 N. CENTRAL AVE, PHOENX, AZ 85004, which is his/her place of business.
**MANNER:**   By serving Lisa Fischer, Receptionist, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 60's, Ht: 5' 6in., Wt: 200, Eyes: Brown, Hair: Grey, Ethnicity: White

<u>**Statement of Costs**</u>

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $5.75 |
| Total | $70.75 |

PAGES

Affiant / Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901



CLERK OF THE
SUPERIOR COURT
FILED
N. MARRUFFO, DEP

22 OCT 19 AM 11: 44

Inv. #
_____
149687

## SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**INCITO SCHOOLS, ET AL**

Plaintiff / Petitioner,

vs.

**MARK BRNOVICH, ET AL**

Defendant / Respondent.

NO.   **CV2022-013437**
_____
CERTIFICATE OF SERVICE

__**Geoffrey Roberts**_____, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from _____**Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP**_____ on _____**10/14/22**_____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   **NICOLE SHAKER c/o ARIZONA ATTORNEY GENERAL**

**DATE & TIME:** 10/17/2022 3:25pm
**PLACE &** 2005 N. CENTRAL AVE, PHOENX, AZ 85004, which is his/her place of business.
**MANNER:** By serving Lisa Fischer, Receptionist, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 60'3, Ht: 5' 6in., Wt: 200, Eyes: Brown, Hair: Grey, Ethnicity: White

**Witness fee tendered in the amount of $0.00**

| __Statement of Costs__ | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $5.75 |
| **Total** | **$70.75** |

COPIES

Affiant / Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
N. MARRUFFO, DEP

22 OCT 19 AM 11: 46

Inv. #

149688

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**INCITO SCHOOLS, ET AL**

Plaintiff / Petitioner,

vs.

**MARK BRNOVICH, ET AL**

Defendant / Respondent.

NO.    CV2022-013437

CERTIFICATE OF SERVICE

<u>Geoffrey Roberts</u>                     , the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from    **Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP**    on    **10/14/22**    ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:    **MARICOPA COUNTY, AZ c/o MARICOPA COUNTY BOARD OF SUPERVISORS**

DATE & TIME:    10/17/2022 3:56pm
PLACE &    301 W. JEFFERSON ST, PHOENIX, AZ 85003, which is his/her place of business.
MANNER:    By serving April Figueroa, Special Department Clerk, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 30's, Ht: 5' 5in., Wt: 220, Eyes: Brown, Hair: Black, Ethnicity: Hispanic

<u>Statement of Costs</u>

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $5.75 |
| **Total** | **$70.75** |

PAGES

Affiant - Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901


ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
C. CHAVEZ, DEP

Inv. #

149690

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

22 OCT 21  AM 11: 41

**INCITO SCHOOLS, ET AL**

Plaintiff / Petitioner,

vs.

**MARK BRNOVICH, ET AL**

Defendant / Respondent.

NO.   **CV2022-013437**

CERTIFICATE OF SERVICE

**Geoffrey Roberts**                    , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from        **Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP**        on        **10/14/22**      ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   **STEVE WATSON c/o MARICOPA COUNTY BOARD OF SUPERVISORS**

DATE & TIME:   10/18/2022 3:30pm
PLACE &   4041 N. CENTRAL AVE., STE 1200, PHOENIX AZ 85012, which is his/her place of business.
MANNER:   By serving Autumn Campbell, Receptionist, a person authorized to accept such service on their behalf, in person.

10/17/22 @ 3:56pm, trip to 301 W. Jefferson, Phx-can't accept for this entity. Description of the Named: Female, Age: 40's, Ht: 5' 8in., Wt: 190, Eyes: Brown, Hair: Black, Ethnicity: Black

**Statement of Costs**

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $5.75 |
| **Total** | **$70.75** |

Copies

Affiant - Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901



CLERK OF THE
SUPERIOR COURT
FILED
C. CHAVEZ, DEP

22 OCT 21   AM 11: 41

Inv. #

149689

## SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**INCITO SCHOOLS, ET AL**

Plaintiff / Petitioner,

vs.

**MARK BRNOVICH, ET AL**

Defendant / Respondent.

NO.   **CV2022-013437**

CERTIFICATE OF SERVICE

**Geoffrey Roberts**_____, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION**

from      **Justin V. Niedzialek c/o Dunn Desantis Walt & Kendrick, LLP**_____ on ____ **10/14/22** ____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**   **MARICOPA COUNTY EDUCATION SERVICE AGENCY c/o MARICOPA COUNTY BOARD OF SUPERVISORS**
**DATE & TIME:**   10/18/2022 3:30pm
**PLACE &**   301 W. JEFFERSON ST, PHOENIX, AZ 85003, which is his/her place of business.
**MANNER:**   By serving Autumn Campbell, Receptionist, a person authorized to accept such service on their behalf, in person.

Can't accept at 301 W. Jefferson St., Phx. Description of the Named: Female, Age: 40's, Ht: 5' 8in., Wt: 190, Eyes: Brown, Hair: Black, Ethnicity: Black

**Witness fee tendered in the amount of $0.00**

**Statement of Costs**

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $25.00 |
| Other | $5.75 |
| **Total** | **$70.75** |

PAGES

Affiant, Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

# Attachment 6

**Remainder of the State Court Record**

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961528

**Plaintiff's Attorney:**

Justin V Niedzialek
Bar Number: 025654, issuing State: AZ
Law Firm: Dunn DeSantis Walt & Kendrick, LLP
4742 N. 24th St., Ste. 300
Phoenix, AZ 85016
Telephone Number: (602)842-2566
Email address: jniedzialek@ddwklaw.com

**CV2022-013437**

**Plaintiffs:**

Incito Schools
4742 N. 24th St., Ste. 300
Phoenix, AZ 85016

Amanda Jelleson
4742 N. 24th St., Ste. 300
Phoenix, AZ 85016

April Black
4742 N. 24th St., Ste. 300
Phoenix, AZ 85016

**Defendants:**

Mark Brnovich

Steve Watson

Nicole Shaker

Denise Fritz

State of Arizona

Office of the Arizona Attorney General

Maricopa County, Arizona

Maricopa County Education Service Agency

AZTurboCourt.gov Form Set #7279358

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Malicious Prosecution

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
10/7/2022 3:51:39 PM
Filing ID 14961529

Person/Attorney Filing: Justin V Niedzialek
Mailing Address: 4742 N. 24th St., Ste. 300
City, State, Zip Code: Phoenix, AZ 85016
Phone Number: (602)842-2566
E-Mail Address: jniedzialek@ddwklaw.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025654, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Incito Schools, et al.<br>Plaintiff(s),<br>v.<br>Mark Brnovich, et al.<br>Defendant(s). | Case No.  **CV2022-013437**<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this


By: Justin V Niedzialek /s/
     Plaintiff/Attorney for Plaintiff

# Attachment 7

**Verification of Maxine S. Mak**

**VERIFICATION OF MAXINE S. MAK**

STATE OF ARIZONA)

                                    )ss.

  County of Maricopa)

    I, Maxine S. Mak, declare under penalty of perjury that I am a Deputy County

Attorney with the Maricopa County Attorney's Office, Civil Services Division and that the

attached documents are true and complete copies of all pleadings and other documents filed

in the state court proceeding *Incito Schools, et al. v. Mark Brnovich, et al.*, Maricopa

County Superior Court Case No. CV2022-013437.

                    DATED this 10th day of March 2023.

                                        RACHEL H. MITCHELL
                                        MARICOPA COUNTY ATTORNEY

                                        /s/ *Maxine S. Mak*
                                        MAXINE S. MAK
                                        Deputy County Attorney

# EXHIBIT C

**Superior Court Notice of Removal to the Federal District Court**

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:     MAXINE S. MAK (031158)
        CHARLES E. TRULLINGER (018936)
        Deputy County Attorneys
        makm@mcao.maricopa.gov
        trullinc@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Fax (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for Defendants Maricopa County,*
*Maricopa County School Superintendent Watson*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Incito Schools, an Arizona corporation; Amanda Jelleson, an individual; Dr. April Black, an individual, | No. CV2022-013437 |
| | **NOTICE OF FILING NOTICE OF REMOVAL** |
| Plaintiffs, | |
| v. | (Honorable Joan Sinclair) |
| Mark Brnovich, individually and in the capacity as Attorney General for the State of Arizona, and Jane Doe Brnovich; Steve Watson, individually and in the capacity as Maricopa County School Superintendent, and Jane Doe Watson; Nicole Shaker, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona, and John Doe Shaker; Annalisa Madsen, individually and in her capacity on behalf of the Office of the Attorney General for the State of Arizona, and John Doe Madsen; Denise | |

1

1
2
3
4
5

Fritz, individually and in her official capacity on behalf of the Office of the Attorney General for the State of Arizona, and John Doe Fritz; The State Of Arizona, a body politic; Maricopa County, Arizona, a body politic; Doe Individuals and/or Entities 1-10,

6
7

Defendants.

8   TO THE CLERK OF THE COURT AND PARTIES:

9          PLEASE TAKE NOTICE THAT defendants, Maricopa County, Maricopa County

10  School Superintendent Steve Watson, hereby notify this Court that they are filing/have filed

11  a Notice of Removal of this action to the United States District Court for the District of

12  Arizona.

13         A copy of the Notice of Removal without attachments filed today, March 10, 2023

14  is attached hereto as Exhibit A.

15

16         RESPECTFULLY SUBMITTED on this 10th day of March 2023.

17

18                                  RACHEL H. MITCHELL
                                    MARICOPA COUNTY ATTORNEY
19

20                                  By: /s/ Maxine S. Mak
                                        MAXINE S. MAK
21                                      CHARLES E. TRULLINGER
                                        Deputy County Attorneys
22                                      *Attorneys for Maricopa County, and*
                                        *Maricopa County School Superintendent*
23                                      *Watson*
24

25

26

27

28

2

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

4

5

I hereby certify that on March 10, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

6

7

8

9

Honorable Joan Sinclair
Maricopa County Superior Court
East Court Building-911
101 W. Jefferson
Phoenix, AZ 85003

10

11

12

13

14

15

Justin V. Niedzialek, Esq.
DUNN DESANTIS WALKT & KENDRICK, LLP
4724 N. 24th Street, Ste. 300
Phoenix, AZ 85016
jniedzialek@ddwklaw.com
*Attorneys for Plaintiffs*

/s/ S. R.

16

S:\CIVIL\CIV\Matters\RM\2022\Incito Schools v. Brnovich, et al. 2022-3079\Pleadings\Ntc of Removal Superior.docx

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**NOTICE OF REMOVAL OF MARICOPA COUNTY SUPERIOR COURT CASE NO. CV2022-013437 TO THE UNITED STATES DISTRICT COURT**

1  RACHEL H. MITCHELL
2  MARICOPA COUNTY ATTORNEY

3  By:    MAXINE S. MAK (031158)
4         CHARLES E. TRULLINGER (018936)
        Deputy County Attorneys
5       makm@mcao.maricopa.gov
6       trullinc@mcao.maricopa.gov

7  CIVIL SERVICES DIVISION
8  225 West Madison Street
   Phoenix, Arizona 85003
9  Telephone (602) 506-8541
   Fax (602) 506-4316
10 ca-civilmailbox@mcao.maricopa.gov

11
12 *Attorneys for Defendants Maricopa County,*
   *Maricopa County School Superintendent Watson*
13

14              **IN THE UNITED STATES DISTRICT COURT**

15                  **FOR THE DISTRICT OF ARIZONA**

16 | Incito Schools, an Arizona corporation; | No. _____ |
17 | Amanda Jelleson, an individual; Dr. April |  |
   | Black, an individual, | **NOTICE OF REMOVAL OF** |
18 |  | **MARICOPA COUNTY SUPERIOR** |
   |             Plaintiffs, | **COURT CASE NO. CV2022-013437 TO** |
19 |  | **THE UNITED STATES DISTRICT** |
   |       v. | **COURT** |
20

21 Mark Brnovich, individually and in the
   capacity as Attorney General for the State
22 of Arizona, and Jane Doe Brnovich; Steve
   Watson, individually and in the capacity as
23 Maricopa County School Superintendent,
   and Jane Doe Watson; Nicole Shaker,
24 individually and in her official capacity on
   behalf of the Office of the Attorney
25 General for the State of Arizona, and John
   Doe Shaker; Annalisa Madsen, individually
26 and in her capacity on behalf of the Office
   of the Attorney General for the State of
27 Arizona, and John Doe Madsen; Denise
28

                                    1

1

2

3

4

5

6

7

Fritz, individually and in her official
capacity on behalf of the Office of the
Attorney General for the State of Arizona,
and John Doe Fritz; The State Of Arizona,
a body politic; Maricopa County, Arizona,
a body politic; Doe Individuals and/or
Entities 1-10,

Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants, Maricopa County and Maricopa County School Superintendent Steve Watson (collectively, the "County Defendants") pursuant to 28 U.S.C. § 1331, §1441(c), §1446(a), and Rule 3.6, Rules of Practice of the United States District Court for the District of Arizona, notice the removal of the above-captioned case, cause number CV2022-013437, from the Arizona Superior Court, Maricopa County, to this Court, and in support of removal assert the following:

1.      On or about October 7, 2022, Plaintiff filed a Complaint against the County Defendants, Maricopa County Education Service Agency, Mark Brnovich, Nicole Shaker, Denise Fritz, the State of Arizona, the Office of the Attorney General, in the Superior Court of the State of Arizona for the County of Maricopa, and various Doe Defendants under the caption *Incito Schools, et al. v. Mark Brnovich, et al.,* Case No. CV2022-013437.  A copy of the Complaint, and all other documents previously filed in this matter and served on Defendants are attached hereto within Exhibit "B." (Exhibit "A" is the Civil Cover Sheet.) The Complaint did not allege any basis for removal, such as federal subject matter jurisdiction or diversity. [Ex. B-3]

2.      On February 9, 2023, Plaintiff filed a First Amended Complaint ("FAC") against the County Defendants in the Superior Court of the State of Arizona for the County of Maricopa under the caption *Incito Schools, et al. v. Mark Brnovich, et al.,* Case No. CV2022-013437.  A copy of the FAC, and all other documents previously filed in this matter and served on Defendants are attached hereto within Exhibit "B." The FAC alleges Arizona state law claims malicious prosecution, defamation, injurious falsehood, intentional infliction of emotional distress, and claims arising under 42 U.S.C. § 1983

2

(malicious prosecution, judicial deception, fabrication/suppression of evidence). [Ex. B-4]

3.      Plaintiff served the County Defendants with the FAC on February 9, 2023.

4.      This Notice of Removal is being filed within 30 days after service of a paper where it may be ascertained that the case is removable and is therefore timely filed under 28 U.S.C. § 1446(b)(3).

5.      The FAC brings claims under 42 U.S.C. § 1983 (Counts Five through Seven).

6.      By reason of the above facts, (a) the United States District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331, because one or more claims asserted by the Plaintiff arises under the Constitution, laws, or treaties of the United States; and (b) the case is removable pursuant to 28 U.S.C. § 1441(c).

7.      All currently served Defendants consent to the removal of this action.

8.      A Notice of Filing of Notice of Removal, a true and correct copy of which is attached as Exhibit "C," has been filed in the Arizona Superior Court, County of Maricopa.

WHEREFORE, the County Defendants respectfully request that the above action now pending in the Arizona Superior Court, Maricopa County, be removed to this Court.

RESPECTFULLY SUBMITTED on this 10ᵗʰ day of March 2023.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: */s/ Maxine S. Mak*
    MAXINE S. MAK
    CHARLES E. TRULLINGER
    Deputy County Attorneys
    *Attorneys for Maricopa County,*
    *Maricopa County School Superintendent*
    *Watson*

1

2

### **CERTIFICATE OF SERVICE**

3

4

I hereby certify that on March 10, 2023, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Clerk of the Court
United States District Court

7

Sandra DAY o' Connor U.S. Courthouse

8

401 West Washington Street
Phoenix, Arizona 85003

9

10

Justin V. Niedzialek, Esq.
DUNN DESANTIS WALKT & KENDRICK, LLP

11

4724 N. 24th Street, Ste. 300

12

Phoenix, AZ 85016
jniedzialek@ddwklaw.com

13

*Attorneys for Plaintiffs*

14

/s/ S. R.

15

16

S:\CIVIL\CIV\Matters\RM\2022\Incito Schools v. Brnovich, et al. 2022-3079\Pleadings\Notice of Removal DC.docx

17

18

19

20

21

22

23

24

25

26

27

28

4

**Selena Rojas (MCAO)**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Friday, March 10, 2023 2:14 PM |
| **To:** | Maxine Mak (MCAO); Selena Rojas (MCAO); Kelli Little (MCAO) |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #7764187 has been delivered to Maricopa County - Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2022013437 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Filed By: Maxine S Mak
AZTurboCourt Form Set: #7764187
Delivery Date and Time: Mar 10, 2023 2:13 PM MST

Forms:

Attached Documents:
Notice: Notice of Errata
Exhibit/Attachment (Supporting): Exhibit A

E-Service notification was sent to the following recipient(s):

Justin V. Niedzialek at jniedzialek@ddwklaw.com